IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| vs. | : CRIMINAL NO. 5:22-CR-00053-TES |
| | : |
| ZHANAY KIANA FLYNN, | : |
| ANTANESHA MONE FRITZ, and | : |
| LATONA MAE LAMBERT | : |
| | : |
| _____ | : |

## PROTECTIVE ORDER LIMITING THE DISCLOSURE OF DISCOVERY MATERIALS

For the reasons stated in the Government's Motion for a Protective Order to Limit Disclosure of Discovery Materials filed on October 31, 2022, and due to the sensitive nature of the allegations in this case, **IT IS HEREBY ORDERED** pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that:

1. Counsel for the Defendants may share the discovery materials only with counsel's support staff and investigators or experts working with counsel (hereinafter "the defense team") to the extent necessary to provide a defense in this case, including any direct appeal.

2. Members of the defense team may use the discovery materials to question witnesses to the extent necessary to prepare a defense in this case including showing the materials to such witnesses, but shall not allow such witnesses to retain copies of the discovery.

3. Counsel for the Defendants, prior to sharing any discovery materials with any member of the defense team, shall inform that person about the limitations set forth in this ORDER.

4. Should the parties wish to attach any discovery materials to any pleadings filed with the Court, those discovery materials shall be filed under seal. Similarly, the identities of alleged victims shall not be identified in public pleadings and shall only be referred to by their initials.

5. If counsel for the Defendants desires to disclose any discovery or make available or communicate the content of such discovery to any other person not described in this ORDER or for any purpose other than to prepare a defense in this criminal case, they must either: (1) advise the Government's counsel and attempt to reach an informal resolution of or agreement on the matter, or (2) seek relief from the Court.

6. All Defendants have been granted pretrial release. However, if any Defendant is remanded to custody pending trial, that Defendant may seek a modification of this Order to facilitate discovery review.

7. This ORDER solely governs the Defendants' and defense team's use of discovery specifically produced or made available by the Government in this criminal action. This ORDER does not limit the Defendants' and defense team's use of documents that they might already possess prior to receiving discovery or might obtain through other means. However, no matter how a document was obtained or received, the identities of alleged victims shall not be identified in public pleadings and shall only be referred to by their initials.

8. This ORDER shall survive the final termination of this case, including any direct appeal. Upon termination of this case and any direct appeal or other proceeding relating to the criminal action, counsel for the Defendants shall return all copies of the discovery to the Government, or shall certify that said discovery have been destroyed.

IT IS SO ORDERED this 2 day of Nov, 2022.

TILMAN E. SELF
UNITED STATES DISTRICT JUDGE